Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT
for the

3rd Circuit District of New Jersey

Civil Division

| | |
|---|---|
| John Doe, | Case No. _____ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |
| -v- | |
| ReFocus Eye Health of Central Connecticut, P.C | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT AND REQUEST FOR INJUNCTION

**I.    The Parties to This Complaint**

   **A.    The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | John Doe |
   | Street Address | 21 Harrison Street |
   | City and County | Edison, Middlesex County |
   | State and Zip Code | New Jersey 08817 |
   | Telephone Number | 973-379-2444 |
   | E-mail Address | avib@bmclawyers.net |

   **B.    The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1
- Name: ReFocus Eye Health of Connecticut, P.C.
- Job or Title *(if known)*:
- Street Address: 87 Grandview Avenue
- City and County: Waterbury, Fairfield County
- State and Zip Code: Connecticut, 06708
- Telephone Number: 203-693-4973
- E-mail Address *(if known)*: Karen.Rabinovici@refocuseye.com

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*: Erica.Shikunov@jacksonlewis.com

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question        ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* John Doe, is a citizen of the State of *(name)* New Jersey.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

        b.      If the defendant is a corporation

The defendant, *(name)* ReFocus Eye Health of Connecticut, is incorporated under the laws of the State of *(name)* Connecticut, and has its principal place of business in the State of *(name)* Connecticut.
Or is incorporated under the laws of *(foreign nation)* _____,
and has its principal place of business in *(name)* Connecticut.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The loss of wages, past, present and future total well over $75,000.00, and mental and emotional distress, defamation, interference with professional standing and with professional and licensing organizations, in excess of $10,000,000.

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

    Please See Additional Pages.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

    March 31, 2023 to June 1, 2023.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

        C.        What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

                Please See Additional Pages.

## IV.     Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Please See Additional Pages.

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please See Additional Pages.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case−related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____
Printed Name of Plaintiff _____

### B. For Attorneys

Date of signing: 06/02/2023

Signature of Attorney: /S/ Abraham Borenstein
Printed Name of Attorney: Abraham Borenstein, Esq.
Bar Number: 019651979
Name of Law Firm: Borenstein, McConnell and Calpin, PC.
Street Address: 155 Morris Avenue, Suite 201
State and Zip Code: Springfield, NJ 07081
Telephone Number: 973-379-2444
E-mail Address: avib@bmclawyers.net

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **John Doe,**<br>*Plaintiff*<br><br>V.<br><br>**REFOCUS EYE HEALTH OF CENTRAL CONNECTICUT, P.C.,**<br>*Defendant* | ADDITIONAL PAGES FOR COMPLAINT AND REQUEST FOR INJUNCTION<br><br>CASE NUMBER: |

**B. If the Basis for Jurisdiction is Diversity of Citizenship.**

**3. The Amount in Controversy.**

The amount in controversy-the amount the Plaintff claims the Defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because (explain)

Breach of employment contract: loss of wages, past, present and future total well over $75,000.00. Additional damages are intentional and negligent infliction of mental and emotional distress; defamation; interference with professional standing and with professional and licensing organizations; in excess of $10,000,000.

**III. Statement of Claim**

A.   Where did the events giving rise to your claim(s) occur?

1. Upon information and belief, Defendant, ReFocus Eye Health of Central Connecticut, P.C. ("ReFocus") provides medical and clinical eye care to

1

patients in Connecticut, specifically, at 87 Grandview Avenue, Connecticut, 06708.

2. John Doe ("Plaintiff" or "John Doe") is a resident and citizen of New Jersey.

3. John Doe is a Board Certified General Medical Ophthalmologist.

4. This action is brought in a pseudonym to protect the personal and professional reputation of Plaintiff.

5. Prior to employment with ReFocus, effective July 16, 2019, John Doe was employed by OptiCare Eye Health Center ("OptiCare"), pursuant to a written agreement more fully described below.

6. Upon information and belief, OptiCare is a predecessor of Defendant ReFocus in terms of supplying medical services to patients.

7. John Doe has been an employee of ReFocus from October 20, 2020, to March 31, 2023.

8. In other current professional engagements, Plaintiff currently is an Associate Adjunct Surgeon/Attending Ophthalmologist, Instructor with The New York Eye and Ear Infirmary of Mount Sinai and has been since October of 2001.

9. Plaintiff is registered with multiple professional registration bodies.

10. Plaintiff is insured as an ophthalmologist.

11. On or about March 31, 2023, Refocus terminated Plaintiff's employment.

12. Plaintiff contends in this lawsuit that such termination was a breach of Contract, as described below.

13. During his employment with Opticare, Plaintiff was party to a written employment agreement (The Opticare original agreement and amendment collectively are called herein The "OptiCare Agreement"), as of July 16, 2019, and amended effective November 19, 2020, which among other things, conferred certain rights and benefits upon Plaintiff.

14. Upon information and belief, ReFocus acquired OptiCare's medical practice in or about February 2021.

15. After such acquisition, Plaintiff continued to provide medical services to ReFocus under the terms of the OptiCare Agreement.

16. Such services were provided and the OptiCare Agreement applied, by Agreement of Plaintiff and ReFocus.

17. The OptiCare Agreement adopted by ReFocus, provided, among other things, for 90 days' notice of termination of the OptiCare Agreement, certain reimbursements to Plaintiff, payment of expenses and insurance, maintenance of a fee tail insurance policy, vacations, and other benefits.

18. While performing such services on an ongoing basis, Plaintiff and ReFocus commenced discussion of a replacement contract with ReFocus. (The

"ReFocus Agreement").

19. While discussions were ongoing, ReFocus induced Plaintiff to stay on with ReFocus as a physician by implementing the more beneficial terms of the ReFocus Agreement.

20. Plaintiff's compensation was increased from a daily rate of One Thousand Three Hundred Twenty Dollars to a daily rate of One Thousand Five Hundred Fifty Dollars, as stated in the ReFocus Agreement

21. Plaintiff relied on ReFocus that the terms of the ReFocus Agreement was in place, and worked for ReFocus on that basis, and did not seek other employment.

22. On or about March 31, 2023, ReFocus terminated Plaintiff's employment.

23. ReFocus proffered a Settlement Agreement, which among other things, required Plaintiff to agree to the terms of the Settlement Agreement or ReFocus would report the termination and other unproved, purported facts to various Professional agencies and others which potentially would be very damaging to Plaintiff.

24. Such reporting is extraordinarily damaging to Plaintiff as a professional licensed doctor.

25. The threat of reporting was a form of extortion.

26. The termination of employment as, effectuated and the threat of reporting breach the Opticare Agreement.

27. The termination of employment as, effectuated and the threat of reporting breach the ReFocus Agreement.

28. ReFocus thus has breached Plaintiff's contract and by the termination and threats of reporting.

29. The breach of contract by ReFocus vitiates the restrictive covenant provisions of either the OptiCare Agreement or the ReFocus Agreement.

30. The breach has or will cost Plaintiff well over $75,000 in lost wages and future wages, and other benefits.

31. Upon information and belief, ReFocus has no legal or other obligation to report any potentially negative information regarding Plaintiff to any third-Party.

32. In addition to damages for breach of contract, this matter requires a permanent injunction to refrain ReFocus from giving any negative report regarding Plaintiff to any agency, be it State, Federal or Professional or to any other employer, potential employer or third-party.

33. A negative report could cost Plaintiff future earnings in the millions of dollars.

34. Further, an injunction and declaratory judgment is required voiding any purported restrictive covenants.

**<u>FACTS</u>  C.  What are the facts underlying your claim(s)?**

Please See III. A. above.

**IV. Irreparable Injury**

1. The Plaintiff seeks an injunction to restrain ReFocus from reporting any negative information regarding Plaintiff to any professional organization or third-party, which if same occurs, will cause irreparable harm by the Defendant's actions.

2. Refocus has taken away a primary source of income of Plaintiff, and if ReFocus supplies negative reports about Plaintiff to any third-party, he likely would become unemployable.

3. This is threatening Plaintiff's entire career, and the damage would be irreparable.

4. Plaintiff continues to be harmed everyday by the actions of the Defendant.

5. Plaintiff files as "John Doe" and will seek an order keeping this litigation confidential and precluding ReFocus from identifying Plaintiff by name or other indicator in any Court filing or pleadings.

## IV. Irreparable Injury

The Defendant's breach and threat to give negative reports regarding Plaintiff and to enforce restrictive covenants must immediately cease and Plaintiff is entitled to compensatory and punitive damages, costs and expenses from the Defendant.