UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN DOE,** | Civil Action No. 23-3033 (KM) (MAH) |
| Plaintiff, | |
| v. | OPINION |
| **REFOCUS EYE HEALTH OF CENTRAL CONNECTICUT, P.C.,** | |
| Defendant. | |

I.       INTRODUCTION

Presently before this Court is Plaintiff's motion for leave to proceed anonymously. Cross-Mot. for Leave to Proceed Anonymously, D.E. 9. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court has considered the motion on the papers and without oral argument. For the reasons set forth herein, Plaintiff's motion is **denied**.

II.      BACKGROUND

On June 2, 2023, Plaintiff filed a Complaint arising out of his employment with Defendant ReFocus Eye Health of Central Connecticut, P.C. ("Defendant"). *See* Compl., D.E.1, at 8. Plaintiff alleges that Defendant violated his employment contract when it terminated his employment in March 2023. *Id.* He claims damages in excess of $10,000,000.00. *Id.* at 4.

Defendant filed a motion to dismiss on August 16, 2023. *See* Mot. to Dismiss, D.E. 5. Plaintiff filed the instant cross-motion for leave to proceed anonymously on September 18, 2023. Cross-Mot. for Leave to Proceed Anonymously, D.E. 9. Defendant filed a reply in further support of its motion to dismiss and opposition to this motion on September 26, 2023. Reply & Opp., D.E. 10. Plaintiff argues that he "is forced to file as John Doe because ReFocus is

threatening to file negative reports with various agencies relating to physicians based on their alleged, but unproven, claims against him." Br. in Supp., D.E. 9-1, at 4; Cross-Mot. to Proceed Anonymously, Doe Certification, D.E. 9-2, ¶¶ 3, 22.  Plaintiff also contends that he will suffer embarrassment and his reputation will be destroyed if he is not permitted to proceed anonymously.  Br. in Supp., D.E. 9-1, at 4; Cross-Mot. to Proceed Anonymously, Doe Certification, D.E. 9-2, ¶¶ 23, 48, 58.  In his Complaint, Plaintiff also asserts that this "action is brought in a pseudonym to protect the personal and professional reputation of Plaintiff."  Compl., ¶ 4.  Defendant maintains that Plaintiff's concern regarding his reputation and any risk of embarrassment is insufficient under legal precedent to justify proceeding anonymously.  Reply & Opp., D.E. 10, at 3.

### III.    LEGAL STANDARD AND ANALYSIS

A core component of the American judicial system is that judicial proceedings should be conducted in public.  *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).  As such, Federal Rule of Civil Procedure 10(a) requires that all parties identify themselves in pleadings.  Fed. R. Civ. P. 10(a).  However, courts have recognized that under limited circumstances a party may proceed via pseudonym "where disclosure of the litigant's identity creates a risk of 'extreme distress or danger[.]'"  *Doe v. Oshrin*, 299 F.R.D. 100, 102 (D.N.J. 2014).

The Third Circuit has adopted a nine-factor test to evaluate whether a party should be permitted to proceed anonymously.  *Megless*, 654 F.3d at 408.  The court must determine whether "a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings."  *Id.*  The six factors that weigh in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;

> (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409.  It is not enough "[t]hat a plaintiff may suffer embarrassment or economic harm."  *Id.* (citing *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n. 2 (3d Cir. 2008); *see Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, Civ. No. 11-10802, 2011 WL 5161453, at *7 (D. Mass. Oct. 31, 2011) (citation, alteration, and quotation marks omitted) (stating that "mere embarrassment is not sufficient to override the strong public interest in disclosure").  The three factors weighing against proceeding anonymously include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*  Because "each case presents a slightly different list of factors for courts to consider," these factors are not exhaustive.  *Id.* at 408.  In light of these principles, this Court addresses each factor in turn.

### A. Factors Weighing in Favor of Anonymity

As to the factors weighing in favor of proceeding anonymously, Plaintiff has not demonstrated a "reasonable fear of severe harm."  *Megless*, 654 F.3d at 408.

In considering the first *Megless* factor, the Court must examine the extent to which Plaintiff's anonymity has been maintained.  *See Megless*, 654 F.3d at 407, 410.  This factor does not support granting a motion to proceed anonymously where Plaintiff's identity has not been kept confidential.  *Id.* (finding that plaintiff's identity had not been kept confidential because prior to the litigation defendant shared plaintiff's name and other characteristics on a flyer).

3

Plaintiff's identity has been confidential, here, since he filed the Complaint in this action in June 2023. However, Plaintiff filed an identical complaint against Defendant in May 2023 in which Plaintiff filed the action under his real name.[1] It is apparent then that Plaintiff has not a made significant effort to maintain his anonymity. *Doe v. Rutgers*, Civ. No. 18-12952, 2019 WL 1967021, at *1 (D.N.J. Apr. 30, 2019) (concluding that this factor weighs in favor of plaintiffs "who 'make substantial efforts to maintain anonymity' and '[l]imit disclosure of sensitive information to few other people'"). Accordingly, the Court finds that this factor weighs against Plaintiff's use of a pseudonym.

The second factor examines the substantiality of Plaintiff's fear of public disclosure. *See Megless*, 654 F.3d at 410. This factor does not favor Plaintiff's request to proceed anonymously because he does not have a reasonable fear of severe harm. Requests to proceed anonymously are granted in only exceptional circumstances. *Oshrin*, 299 F.R.D. at 102. Moreover, embarrassment or concern for one's reputation is insufficient to support anonymity. *See Megless*, 654 F.3d at 408 ("It is not enough that a plaintiff may suffer embarrassment or economic harm."); *see also Doe v. Temple University*, Civ. No. 14–4729, 2014 WL 4375613, at *2 (E.D. Pa. 2014) (fear for reputation not an exceptional circumstance where other similarly situated plaintiffs openly litigated). As Plaintiff's only stated fear here is for his reputation, albeit both personal and professional, the Court finds that this factor weighs against granting Plaintiff's request to proceed anonymously.

With respect to the third factor, the Court must consider the magnitude of the public interest in maintaining the confidentiality of the litigant's identity. *Megless*, 654 F.3d at 410.

---

[1] The Court is aware of the prior civil action Plaintiff filed in this District. However, out of an abundance of caution and because Plaintiff may seek to appeal this Court's decision to deny his request to proceed anonymously, the Court will not cite to this action here.

Specifically, the Court must determine whether "if this litigant is forced to reveal his [] name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated." *Id.*  After considering the above question, along with the present facts, this Court finds that the public will remain virtually unaffected by its decision to deny Plaintiff's motion.  In this breach of contract action, Plaintiff's only fear of harm is to his personal and professional reputation.  But there is nothing before the Court from which it can conclude that Defendant's termination of Plaintiff's employment was so exceptional such that this factor weighs in favor of anonymity.  To be sure, many employment and breach of contract actions are brought every year in this Court and plaintiffs always face hurdles unique to their circumstances.  But unless those hurdles will cause those plaintiffs severe harm, the public's inherent interest in obtaining the identity of the parties outweighs plaintiffs' desire to proceed anonymously.  Here, Plaintiff's asserted harm, risk to his reputation, simply does not amount to severe harm and indeed, is a potential risk any time a professional sues a former employer for breach of contract.  Moreover, this action is not the type of action in which courts generally permit the use of pseudonyms, such as those involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Megless*, 654 F.3d at 408.  Accordingly, this factor weighs against granting Plaintiff's motion to proceed anonymously.

Considering the fourth factor, the public's interest in ascertaining Plaintiff's identity, the Court must determine whether Plaintiff's claims are purely legal in nature. *Megless*, 654 F.3d at 409.  There is an "atypically weak public interest in knowing the litigants' identities" where the party seeking to proceed anonymously brings purely legal claims. *Id.*; *see also L.A. v. Hoffman*, Civ. No. 14-6985, 2015 WL 4461852, *2 (D.N.J. July 21, 2025) (finding it appropriate to grant plaintiffs' request to proceed anonymously where plaintiffs raised a constitutional challenge to a

5

statute as it applied generally to a class of people, a purely legal question, rather than how the statute applied to each plaintiff based on the facts and circumstances of each plaintiff). Conversely, where a claim is predominantly fact-dependent, this factor weighs against anonymity. *See Doe v. Rider University*, Civ. No. 16-4882, 2018 WL 3756950, *6 (D.N.J. Aug. 7, 2018) (finding this factor weighs against anonymity because unlike *Hoffman*, plaintiff's claims were fact-dependent). Here, this factor weighs against granting Plaintiff's request to proceed under a pseudonym because Plaintiff's claims are largely fact-dependent. Plaintiff asserts in his Complaint that Defendant terminated his employment in breach of a contract. Compl., D.E. 1, ¶ 11. On the other hand, Defendant contends that Plaintiff fails to plead the necessary elements of a breach of contract action. Br. in Supp. of Mot. to Dismiss, D.E. 5-1, at 1, 3-4. Specifically, Defendant maintains that while Plaintiff had a contract for employment with a previous eye center of which Defendant purchased substantially all its assets, Plaintiff's contract with that eye center did not carry over and Defendant did not enter into a new employment contract with Plaintiff. *Id.* at 1. Therefore, it is clear that resolution of Plaintiff's claim will turn on substantial factual questions regarding whether Plaintiff and Defendant had a contract for employment. Accordingly, this factor weighs against granting Plaintiff's motion to proceed anonymously.

Turning to the fifth factor, the Court must determine whether "the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified." *Megless*, 654 F.3d at 409. In other words, if the Court denies Plaintiff's motion to proceed anonymously, will Plaintiff continue to pursue his claim so that it can be decided on the merits or will he drop his claim. *Megless*, 654 F.3d at 410. No party addresses this factor specifically. Instead, Plaintiff simply states that he "runs the daily fear of being exposed online and without the protection of using a pseudonym." Br. in Supp.,

6

D.E. 9-1, at 19.  Because Plaintiff does not state that he will drop this case if he is not permitted to proceed anonymously, the Court finds that this factor weighs against permitting Plaintiff to proceed anonymously.

With respect to the sixth factor, this Court finds that there is no evidence to demonstrate that Plaintiff is seeking to use a pseudonym for an illegitimate or ulterior motive.  *Megless*, 654 F.3d at 411.  Defendant does not assert, nor can this Court find, any illegitimate or ulterior motive behind Plaintiff's request to proceed anonymously.  *See Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550-51 (D.N.J. 2006) (an intention to "protect [plaintiff's] reputation" and not an "illegal or ulterior motive" prompted plaintiff's request to proceed anonymously).  Instead, Plaintiff fears harm to his reputation if his identity is revealed.  A fear which does not seem unreasonable in light of his assertion that Defendant threatens to file negative reports about him with certain state, federal, or professional agencies.  Br. in Supp., D.E. 9-1, at 4.[2]  Accordingly, this factor has no bearing on this Court's determination.  *See Megless*, 654 F.3d at 411.

### B.  Factors Weighing Against Anonymity

Turning to the factors weighing against proceeding anonymously, this Court finds that the public interest in the openness of judicial proceedings outweighs Plaintiff's interest in proceeding anonymously.

With respect to the first factor, the universal level of public interest in access to the identities of litigants, this Court finds that there is a strong interest in maintaining open judicial proceedings.  *See Megless*, 654 F.3d at 411 (acknowledging "the thumb on the scale that is the

---

[2] While the Court struggles to see Plaintiff's rationale, i.e., that proceeding anonymously here will somehow prevent Defendant from reporting him to certain agencies, the Court does not find Plaintiff's concern to be unreasonable for purposes of this Opinion.

7

universal interest in favor of open judicial proceedings"); *see also Doe v. College of New Jersey*, 997 F.3d 489, 497 (3d Cir. 2021). The public's interest in open judicial proceedings always runs counter to a litigant's interest in anonymity. As such, this factor weighs decidedly in favor of disclosing Plaintiff's identity.

This Court next considers whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained. *Megless*, 654 F.3d at 411. Plaintiff is not a public figure. Nor does the subject matter of this litigation, which essentially amounts to a contract dispute, warrant an unusually strong public interest in knowing Doe's identity. Accordingly, the Court finds there is no heightened interest in knowing Plaintiff's identity other than that normally present.

Finally, there is nothing in the record to establish that Defendant's opposition to Plaintiff's request to proceed anonymously is illegitimately motivated. *Megless*, 654 F.3d at 411. Defendant challenges Plaintiff's request to proceed anonymously, arguing that courts within the Third Circuit have found repeatedly that concerns regarding reputation are insufficient to permit a party to proceed anonymously. Reply & Opp., D.E. 10, at 4. The Court finds that Defendant's opposition to Plaintiff's motion is not illegitimate. *See Rider University*, 2018 WL 3756950 at *8 (finding defendant's concern that it had to publicly defend itself while plaintiff could hide behind a pseudonym not illegitimate). Additionally, there is no evidence before the Court from which it can conclude that Defendant has any ulterior motives in opposing Plaintiff's request to proceed anonymously. Thus, the Court concludes this factor weighs against granting Plaintiff's request to proceed anonymously.

Having considered the relevant factors for and against allowing Plaintiff to proceed in this litigation anonymously, the Court finds that these factors weigh against granting Plaintiff's motion. Plaintiff has failed to demonstrate a legitimate and reasonable fear of severe harm. Moreover, the public's interest in open judicial proceedings and knowing the identity of litigants outweighs Plaintiff's personal interest in remaining anonymous. Accordingly, the Court will not permit Plaintiff to proceed anonymously.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to proceed anonymously, D.E. 9, is **denied**. Plaintiff is directed to amend the caption in this matter to reflect his identity not later than November 21, 2023. An appropriate Order accompanies this Opinion.

/s *Michael A. Hammer*
Hon. Michael A. Hammer,
United States Magistrate Judge

Dated: November 9, 2023