**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK H. TANNENBAUM, M.D., <br><br>  Plaintiff, <br><br> v. <br><br> REFOCUS EYE HEALTH OF CENTRAL CONNECTICUT, P.C., <br><br>  Defendant. | Case No. 2:23-cv-03033 (BRM) (MAH) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**[1]

Before the Court is Defendant ReFocus Eye Health of Central Connecticut, P.C.'s ("ReFocus") Motion to Dismiss Plaintiff Dr. Mark Tannenbaum's ("Dr. Tannenbaum") Complaint (ECF No. 1), pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 5). Dr. Tannenbaum filed a combined opposition to ReFocus's Motion and cross-motion[2] for leave to proceed anonymously (ECF Nos. 8, 9[3]), and ReFocus filed a reply in further support of its Motion and in response to Dr. Tannenbaum's cross-motion (ECF No. 10). Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule

---

[1] On November 29, 2023, this action was reassigned to the undersigned from The Honorable Kevin McNulty, U.S.D.J. (ECF No. 17.)

[2] Dr. Tannenbaum's cross-motion was previously denied and therefore is not pending before the Court. *See infra* Section I. Accordingly, the Court does not address herein the parties' arguments with respect to this cross-motion. (*See* ECF Nos. 8, 9, 10.)

[3] Even though ECF No. 8 and ECF No. 9 are labeled differently on the docket, they appear to be duplicate filings—a combined opposition to ReFocus's Motion to Dismiss and cross-motion for leave to appear anonymously and seal the record in this action. (*Compare* ECF No. 8, *with* ECF No. 9.) For ease of reference, the Court will refer to ECF No. 8 when referencing Dr. Tannenbaum's opposition to ReFocus's Motion to Dismiss.

1

of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, ReFocus's Motion to Dismiss (ECF No. 5) is **GRANTED**, and Dr. Tannenbaum's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

I.   BACKGROUND[4]

For the purpose of this motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Dr. Tannenbaum. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court may also consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This action stems from an alleged breach of employment contract. (*See generally* ECF No. 1.) Dr. Tannenbaum is a board-certified general medical ophthalmologist and has been "an Associate Adjunct Surgeon/Attending Ophthalmologist, Instructor with The New York Eye and Ear Infirmary of Mount Sinai" since October of 2001. (*Id.* ¶¶ 3, 8.) ReFocus is a medical services provider based in Connecticut that provides medical and clinical eye care for patients. (*Id.* ¶ 1.) Dr. Tannenbaum was an employee of ReFocus from October 20, 2020 until March 31, 2023 when ReFocus terminated Dr. Tannenbaum's employment. (*Id.* ¶¶ 7, 11.) Prior to being employed by ReFocus, Dr. Tannenbaum was employed by ReFocus's predecessor, non-party OptiCare Eye Health Center ("OptiCare"). (*Id.* ¶¶ 5–6.) Dr. Tannenbaum had a written employment agreement with OptiCare ("OptiCare Agreement") beginning on July 16, 2019, and amended effective

---

[4] The factual background is taken from and limited to the allegations in the Complaint. (*See* ECF No. 1.) Additional allegations asserted in opposition to a motion to dismiss are not considered. *See Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

November 19, 2020. (*Id.* ¶ 13.) The OptiCare Agreement "provided, among other things, for 90 days' notice of termination of the OptiCare Agreement, certain reimbursements to [Dr. Tannenbaum], payment of expenses and insurance, maintenance of a fee tail insurance policy, vacations, and other benefits." (*Id.* ¶ 17.)

In or around February 2021, ReFocus acquired OptiCare, and, following this acquisition, Dr. Tannenbaum continued to provide medical services for ReFocus pursuant to the OptiCare Agreement. (*Id.* ¶¶ 14–15.) Dr. Tannenbaum and ReFocus also engaged in discussions regarding a replacement employment agreement including increased compensation and other "more beneficial terms[]." (*Id.* ¶¶ 18–20.) These discussions persuaded Dr. Tannenbaum to remain as an employee with ReFocus. (*Id.* ¶ 19.) He relied on these discussions and did not seek alternate employment. (*Id.* ¶ 21.) On March 31, 2023, ReFocus terminated Dr. Tannenbaum's employment. (*Id.* ¶ 22.) ReFocus also offered Dr. Tannenbaum a settlement agreement, "which among other things, required Plaintiff to agree to the terms of the Settlement Agreement or ReFocus would report the termination and other unproved, purported facts to various Professional agencies and others[.]" (*Id.* ¶ 23.) Dr. Tannenbaum alleges this "threat of reporting was a form of extortion." (*Id.* ¶ 25.)

On June 2, 2023, Dr. Tannenbaum filed a Complaint against ReFocus alleging ReFocus's termination of his employment and threat of reporting him to certain agencies constitutes a breach of contract.[5] (*See generally* ECF No. 1.) Dr. Tannenbaum seeks injunctive relief and damages totaling "in excess of $10,000,000"—damages for breach of contract, and "[a]dditional damages

---

[5] It appears Dr. Tannenbaum filed a nearly identical complaint in another action in this District (No. 23-cv-02204), which case was closed on May 11, 2023 following a stipulation of dismissal and withdrawal of Dr. Tannenbaum's motion for a TRO filed in that case. (*See* No. 23-cv-02204, ECF Nos. 1, 3, 8, 9.)

3

[for] intentional and negligent infliction of mental and emotional distress; defamation; [and] interference with professional standing and with professional and licensing organizations[.]" (*Id.* at 4, 7, 12–13.) On August 16, 2023, ReFocus moved to dismiss the Complaint pursuant to Rule 12(b)(6). (ECF No. 5.) On September 18, 2023, Dr. Tannenbaum filed a combined opposition to ReFocus's motion to dismiss and cross-motion[6] for leave to appear anonymously and seal the record in this action. (ECF Nos. 8, 9[7]). This combined filing also includes what appears to be a request for a temporary restraining order ("TRO") and preliminary injunction. (*See* ECF No. 8-1 at 14–16.) On September 26, 2023, ReFocus filed a reply in further support of its Motion to Dismiss and in response to Dr. Tannenbaum's cross-motion. (ECF No. 10.)

On November 9, 2023, The Honorable Michael A. Hammer, U.S.M.J., denied Dr. Tannenbaum's cross-motion for leave to proceed anonymously and ordered Dr. Tannenbaum to file an amended complaint with a caption reflecting his identity. (ECF No. 13.) On November 20, 2023, Dr. Tannenbaum attempted to file an Amended Complaint against ReFocus but did not include the additional pages containing his substantive allegations, which were attached to the original Complaint, and did not otherwise include substantive allegations therein; his purported Amended Complaint only included the Complaint with an amended caption containing his name. (*Compare* ECF No. 1, *with* ECF No. 14.)

On November 29, 2023, this action was reassigned to the undersigned from The Honorable Kevin McNulty, U.S.D.J. (ECF No. 17.) On December 4, 2023, counsel for ReFocus filed a letter with the Court stating that because Dr. Tannenbaum filed an amended *caption* but not an amended

---

[6] *See supra* n.2.

[7] *See supra* n.3.

4

complaint, it did not intend to refile its pending motion to dismiss, asserting "the filed cover sheet [*see* ECF No. 14] cannot function as the operative Pleading." (ECF No. 19 at 1). However, ReFocus offered to refile its Motion if the Court deemed ECF No. 14 as the operative complaint. (*Id.*) For purposes of this Opinion, the Court considers the Complaint (ECF No. 1) to be the operative pleading and accordingly addresses ReFocus's motion to dismiss the substantive allegations contained therein, but the Court acknowledges and incorporates the amended caption in ECF No. 14 as if it were incorporated into the Complaint.

## II.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded; it must include "factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *See id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant[.]" *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 570). The Supreme Court's ruling in *Iqbal* emphasizes that plaintiffs must show that the allegations of their complaints are plausible. *See id.* at 670.

While courts generally may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *See In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

**III.   DECISION**

The Court first addresses ReFocus's Motion to Dismiss and then addresses Dr. Tannenbaum's request for a TRO and preliminary injunction.

**A.   ReFocus's Motion to Dismiss**

ReFocus argues Dr. Tannenbaum's Complaint should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). (ECF No. 5-1.) Specifically, ReFocus argues the Complaint fails to state a claim because Dr. Tannenbaum failed to allege any facts supporting a breach of contract claim under New Jersey law as he "has not alleged the existence of a contract, has not alleged how any contract was breached, and he has not alleged any causal relationship between his alleged damages and the supposed breach." (*Id.* at 1, 4.) ReFocus contends Dr. Tannenbaum has not pled the existence of any contract with ReFocus, but rather seems to be alleging the agreement with ReFocus was never finalized. (*Id.* at 3.) ReFocus asserts Dr. Tannenbaum does not specifically identify what the "ReFocus Agreement" referenced in the Complaint is, or "what was said or done to cause him to believe he was employed under the alleged

7

agreement's terms, or how his termination in any way violated the ReFocus Agreement (or the original Opticare [A]greement, for that matter)." (*Id.* at 3–4.) ReFocus further states even if Dr. Tannenbaum had alleged the existence of a contract with ReFocus, "he has not pled any causal relationship between the breach and his alleged damages" but rather vaguely claims "the breach has cost [him] 'well over $75,000' and/or 'in excess of $10,000,000.'" (*Id.* at 4.)

In opposition, Dr. Tannenbaum argues he was employed with OptiCare pursuant to a written agreement and remained under contract during his employment with ReFocus. (ECF No. 8–1 at 3.) Dr. Tannenbaum contends multiple ReFocus employees "ratified that he was under contract in writing in emails."[8] (*Id.*) Dr. Tannenbaum asserts that ReFocus terminating his employment on March 31, 2023 "effective immediately" rather than giving him the required 90 days' notice before termination constitutes a breach of contract. (*Id.* at 4.) Dr. Tannenbaum claims he was "forced to file" this lawsuit "because ReFocus is threatening to file negative reports with various agencies relating to physicians based on [its] alleged, but unproven, claims against him" and this reporting would damage his professional status and standing and cause irreparable harm to him. (*Id.* at 4.) Dr. Tannenbaum states this threat to file negative reports about him "is a form of extortion" and a breach of contract. (*Id.* at 10.)

In reply, ReFocus maintains its Motion to Dismiss should be granted because Plaintiff has not substantively responded to the Motion and has failed to make any argument showing how the

---

[8] In opposition to ReFocus's Motion, Dr. Tannenbaum asserts this fact and a number of other additional facts not alleged in the Complaint, and he also attaches more than seventy pages of exhibits purportedly supporting his allegations. (*Compare* ECF No. 1, *with* ECF No. 8-1 at 6–9, 11; *see also* ECF No. 8-2.) Dr. Tannenbaum is effectively seeking to amend the Complaint with his opposition brief, but an attempt to clarify allegations in an opposition to a motion to dismiss is improper. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *PepsiCo, Inc.*, 836 F.2d at 181.

Complaint plausibly pleads a breach of contract claim. (ECF No. 10 at 1, 5.) ReFocus also contends Dr. Tannenbaum improperly attempted to support his Complaint by including new factual allegations and attaching purported supporting exhibits to his opposition, but that in any event, he "has failed to plead any of the necessary elements of a breach of contract claim." (*Id.* at 1.) ReFocus argues Dr. Tannenbaum has not "pled the existence of a contract or any damages." (*Id.* at 5.)

To plead a cause of action for a breach of contract, a plaintiff "must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). To succeed on a breach of contract claim under New Jersey law, a plaintiff must establish: "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." *Sheet Metal Workers Int'l Ass'n Loc. Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (citing *Coyle v. Englander's*, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985)). "A valid contract requires '1) a meeting of the minds; 2) offer and acceptance; 3) valid consideration; and 4) reasonably certain contract terms.'" *Carrington Tea Co. v. Pretium Packaging L.L.C.*, Civ. A. No. 22-03825, 2023 WL 2182310, at *3 (D.N.J. Feb. 23, 2023) (quoting *Grossman v. Parking Auth. of Camden*, Civ. A. No. 12-3097, 2013 WL 1144830, at *3 (D.N.J. Mar. 18, 2013)). Additionally, "[a] plaintiff must identify the specific contract or provision that was allegedly breached." *Barker v. Our Lady of Mount Carmel Sch.*, Civ. A. No. 12-4308, 2016 WL 4571388, at *15 (D.N.J. Sept. 1, 2016); *see also Eprotec Pres., Inc. v. Engineered Materials, Inc.*, Civ. A. No. 10-05097, 2011 WL 867542, at *8 (D.N.J. Mar. 9, 2011) ("Under New Jersey law, a complaint alleging breach of contract must, at a minimum, identify the contracts and provisions breached." (citations omitted)).

9

Here, the Court finds Dr. Tannenbaum has not sufficiently alleged the existence of a contract between himself and ReFocus and accordingly has not plausibly pled a cause of action for a breach of contract. Dr. Tannenbaum alleges he had a written employment agreement with non-party OptiCare that "provided, among other things, for 90 days' notice of termination of the OptiCare Agreement[.]" (ECF No. 1 ¶¶ 13, 17.) He further alleges ReFocus breached his contract by terminating his employment and making "threats of reporting." (*Id.* ¶ 28.) Dr. Tannenbaum states in passing "[t]he OptiCare Agreement *adopted by ReFocus*" but does not allege how or when ReFocus supposedly "adopted" this agreement or how that would render ReFocus liable under the agreement to which it was not a party. (*See id.* ¶ 17 (emphasis added).) Rather, Dr. Tannenbaum alleges he commenced discussions with ReFocus about a replacement employment agreement; he does not allege this agreement was ever finalized, notwithstanding his references to a "ReFocus Agreement" in the Complaint. (*See id.* ¶¶ 18–19.) Indeed, he states that after ReFocus acquired OptiCare, he "continued to provide medical services to ReFocus under the terms of the *OptiCare* Agreement." (*Id.* ¶ 15 (emphasis added).) Additionally, it is unclear from the face of the Complaint whether Dr. Tannenbaum is alleging ReFocus breached the OptiCare Agreement (to which ReFocus was not a party) or some other agreement with ReFocus, the terms of which are not specified; and he does not identify which contractual provision(s) of which agreement ReFocus allegedly breached.

Therefore, the Court finds Dr. Tannenbaum has not sufficiently alleged the existence of a contract between himself and ReFocus and accordingly has not plausibly pled a cause of action for a breach of contract. Further, ReFocus cannot be held liable for an alleged breach of Dr. Tannenbaum's employment agreement with OptiCare, a contract to which it was not a party. *See Anderson v. Mercer Cnty. Sheriff's Dep't*, Civ. A. No. 11-07620, 2013 WL 776237, at *8 (D.N.J.

Feb. 28, 2013) ("It is settled law that non-parties to a contract cannot be held liable for a breach of that agreement." (citing *FDIC v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994))). "[A]s a general rule an action on a contract cannot be maintained against a person who is not a party to it." *Taylor v. New Jersey*, Civ. A. No. 13-06594, 2014 WL 4215440, at *10 (D.N.J. Aug. 25, 2014) (quoting *Comly v. First Camden Nat'l Bank & Tr. Co.*, 36 A.2d 591, 593 (N.J. 1944)). Rather, "contract obligations are limited to the parties making them, and only parties to contracts are liable for their breach." *Dwyer v. Blue Sea Prods., LLC*, Civ. A. No. 18-15182, 2019 WL 3712176, at *5 (D.N.J. Aug. 7, 2019) (quoting *Intelnet Int'l Corp. v. ITT Corp.*, Civ. A. No. L-9749-97, 2006 WL 2192030, at *8 (N.J. Super. Ct. App. Div. Aug. 4, 2006)).

Therefore, ReFocus's Motion to Dismiss (ECF No. 5) is **GRANTED**, and accordingly Dr. Tannenbaum's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.[9]

### B. Dr. Tannenbaum's Request for TRO and Preliminary Injunction

In his opposition to ReFocus's Motion to Dismiss, Dr. Tannenbaum appears to be requesting a TRO and preliminary injunction "to refrain ReFocus from filing or transmitting any negative reports regarding [himself] to any [state or federal] agency." (ECF No. 8-1 at 15; *see also id.* at 14–16.) ReFocus argues that "an opposition brief is not the appropriate mechanism for requesting a [TRO] or preliminary injunction." (ECF No. 10 at 2 (citing Fed. R. Civ. P. 65; L. Civ.

---

[9] The Court acknowledges that Dr. Tannenbaum states in his Complaint that he is seeking additional damages for "intentional and negligent infliction of mental and emotional distress; defamation; [and] interference with professional standing and with professional and licensing organizations[.]" (ECF No. 1 at 4, 7.) However, the parties did not substantively brief whether Dr. Tannenbaum sufficiently alleged facts in his Complaint to support these additional claims, so the Court does not reach a full analysis of these claims on their merits at this time. If Dr. Tannenbaum amends his complaint, he shall properly identify all counts and causes of action.

11

R. 65.1; 28 U.S.C. § 1746).) ReFocus further argues that even if Dr. Tannenbaum's requested injunctive relief was procedurally proper, he has not established any of the necessary elements for a TRO or a preliminary injunction. (*Id.* at 2.) ReFocus contends Dr. Tannenbaum "has not submitted anything to suggest that [ReFocus] is planning to report [him] for anything, immediately or otherwise." (*Id.*) Rather, ReFocus asserts it has repeatedly informed both Dr. Tannenbaum and his counsel that it has no intent to report Dr. Tannenbaum to any outside agencies. (*Id.*) Accordingly, ReFocus argues Dr. Tannenbaum's request for injunctive relief is nonsensical and unnecessary because he seeks to enjoin ReFocus from actions it does not intend to take. (*Id.* at 2, 5.) ReFocus contends Dr. Tannenbaum will not succeed on the merits; Dr. Tannenbaum faces no risk of harm, irreparable or otherwise; and the Court has nothing to enjoin. (*Id.* at 3.)

"Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994)). To obtain a temporary restraining order or preliminary injunction, the moving party must show: "(l) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc.*, 369 F.3d at 708. The movant bears the burden of showing these four factors weigh in favor of granting the injunction, and a failure to establish any one factor will render a preliminary injunction inappropriate. *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014); *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("[F]ailure to establish any element [of that test] renders a preliminary injunction inappropriate."). A court may issue an injunction to a plaintiff "only if the plaintiff produces evidence sufficient to convince the district

court that all four factors favor preliminary relief." *Winback & Conserve Program*, 42 F.3d at 1427; *see also P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) ("The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate.").

Here, the Court finds Dr. Tannenbaum's request for a TRO and/or a preliminary injunction is procedurally defective as it was not properly brought before the Court, but even if it were, as explained above, Dr. Tannenbaum has not sufficiently pled facts showing a breach of contract claim and therefore has not shown a likelihood of success on the merits. Additionally, Dr. Tannenbaum has not submitted adequate evidence showing he faces impending irreparable harm if the requested injunctive relief is denied. Rather, ReFocus represents it has repeatedly informed both Dr. Tannenbaum and his counsel that it has no intent to report Dr. Tannenbaum to any outside agencies. (ECF No. 10 at 2.) Therefore, the Court concludes Dr. Tannenbaum has not met his burden of showing injunctive relief is necessary at this time, and accordingly, his request for a TRO and preliminary injunction (*see* ECF No. 8) is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, ReFocus's Motion to Dismiss (ECF No. 5) is **GRANTED**, Dr. Tannenbaum's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** and with leave to amend,[10] and Dr. Tannenbaum's request for a TRO and preliminary injunction (*see* ECF No. 8) is **DENIED**. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  February 21, 2024

---

[10] Any further complaint that Dr. Tannenbaum may choose to file must include the amended caption reflected in ECF No. 14.